UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER OCHOA,

    Petitioner,

v.                                   Case No. 8:20-cv-1017-T-02TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Mr. Ochoa, a Florida inmate, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondent moves to dismiss the petition as time-barred (Doc. 7). Although afforded the opportunity, Mr. Ochoa failed to respond to the motion to dismiss (see Doc. 5, p. 3). Upon consideration, the motion to dismiss will be granted.

**Procedural Background**

Mr. Ochoa was convicted of two counts each of sale of cocaine and possession of cocaine and sentenced to a total of 8 years in prison followed by 5 years on probation (Respondent's Ex. 2). The convictions and sentences were affirmed on appeal on November 20, 2015 (Respondent's Exs. 3, 4).

On December 18, 2017, Mr. Ochoa, through counsel, filed a Motion for Post-Conviction Relief under Rule. 3.850, Florida Rules of Criminal Procedure, alleging ineffective assistance of trial counsel (Respondent's Ex. 5). His amended Rule 3.850 motion was filed on December 21, 2017 (Respondent's Ex. 6). The amended Rule 3.850 motion was denied on October 25, 2018 (Respondent's Ex. 7). The denial of the motion was affirmed on appeal (Respondent's Ex. 8), and the appellate court mandate

1

issued on January 3, 2020 (Respondent's Ex. 10). Mr. Ochoa filed his federal habeas petition in this Court on April 28, 2020 (Doc. 1).

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondent moves to dismiss Mr. Ochoa's petition as time-barred under § 2244(d), arguing that it was filed more than one year passed after Mr. Ochoa's judgment became final.

Because Mr. Ochoa's convictions were affirmed on appeal on November 20, 2015, his judgment became final 90 days later, on February 18, 2016, when the time for filing a petition for writ of certiorari in the Supreme Court of the United States expired. See Sup.Ct. R. 13(3) ("[t]he time to file a petition for. . .writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate. . . ."); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1274–75 (11th Cir.2006) (stating the 90–day period begins to run from the date of entry of judgment and not the issuance of the mandate). Mr. Ochoa therefore had until February 18, 2017, in which to file a timely federal habeas petition under § 2254. His initial federal habeas petition was not filed until April 28, 2020, more than three years after his convictions became final. Accordingly, unless the limitations period was tolled for a sufficient period of time by properly filed state court post-conviction

2

applications, his petition is untimely.

Mr. Ochoa's Rule 3.850 post-conviction motion, filed on December 18, 2017, did not toll the AEDPA's limitations period because it was filed after the period had expired on February 18, 2017. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.2000); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir.2001) (rejecting theory that limitations period was reinitiated upon filing of timely rule 3.850 motion outside limitations period). Accordingly, Mr. Ochoa's habeas petition is untimely.

Mr. Ochoa concedes his petition is untimely (Doc. 1, docket p. 9). He argues, however, that his petition is not time-barred because the AEDPA limitations period is subject to the doctrine of equitable tolling, and that the circumstances of his case warrant such tolling (Id.). Specifically, he alleges that he:

> . . .is entitled to equitable tolling due to the fact that [he] hired Rachael E. Reese who represented [him] in direct appeal, to draft and complete [his] 3.850 Motion, but Mrs. Reese allowed the adepa time limitations to elapse before she advised Ochoa of her divided loyalty and that she had a conflict of interest and could not ethically draft a 3.850 Motion against previous counsel Mr. Brunvard. [He] was prejudiced in regards that [he] had to hurry and retain Counsel Mr. Schaflint, to draft and complete [his] 3.850 Motion which was filed with only two days remaining of [his] 3.850 two year time limitations.

(Id.). As discussed below, the Court finds that, although the AEDPA limitations period may be subject to the doctrine of equitable tolling, equitable tolling is not appropriate under the circumstances of this case.

The one-year limitation designated in 28 U.S.C. § 2244(d) is not jurisdictional and "is subject to equitable tolling in appropriate cases." *Holland v. Fla.*, 560 U.S. 631, 645 (2010). Equitable tolling is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). To establish eligibility for equitable tolling, a

petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Equitable tolling "is an extraordinary remedy that must be applied sparingly." *Holland*, 539 F.3d at 1338. *See also Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221 (11th Cir. 2017) ("[E]quitable tolling is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'") (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). The failure to establish either requirement precludes equitable tolling. "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286.

Mr. Ochoa fails to establish an "extraordinary circumstance" beyond his control that caused the untimely filing of his federal petition. His allegation that the initial attorney (Attorney Reese) he hired to file a Rule 3.850 post-conviction motion failed to inform him, until after the AEDPA's limitations period elapsed, that she had a conflict of interest that prevented her from filing the motion fails to show professional misconduct that warrants equitable tolling. Mr. Ochoa fails to allege whether he hired Attorney Reese before expiration of the AEDPA's limitations period. And even if she was hired prior to expiration of the limitations period, Mr. Ochoa fails to allege how much time elapsed after Attorney Reese was hired before she determined that she had a conflict and how long after that determination was made before she notified him of her conflict. Accordingly, Mr. Ochoa's allegations fail even to show attorney negligence let alone the type of attorney misconduct that warrants equitable tolling. *See Clemons v. Comm'r, Alabama Dep't of Corr.*, 967 F.3d 1231, 1242 (11th Cir. 2020) ("attorney negligence, even gross or egregious negligence, does not by itself qualify as an 'extraordinary circumstance' for purposes of equitable tolling; either abandonment of the attorney-client relationship,

4

such as may have occurred in *Holland*, or some other professional misconduct or some other extraordinary circumstance is required.") (quoting *Cadet*, 853 F.3d at 1226-27).

Even if Attorney Reese's actions amounted to professional misconduct that constitutes an extraordinary circumstance, Mr. Ochoa still would not be entitled to equitable tolling because he has failed to allege facts showing adequate diligence in pursing his federal habeas corpus petition. He fails to allege that he retained Attorney Reese to prepare the Rule 3.850 motion before the AEDPA's limitations period elapsed. And even if she was retained prior to the expiration of the limitations period, Mr. Ochoa presents no evidence and makes no allegation that he attempted to contact Attorney Reese regarding the status of the Rule 3.850 motion before the AEDPA's limitations period expired. *See, e.g., Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004), *aff'd*, 545 U.S. 353 (2005) (denying equitable tolling where prisoner presented no evidence to show that he attempted to contact counsel to assist him with timely filing his Section 2255 motion or otherwise undertook any action that would suggest reasonable diligence under the circumstances); *George v. Sec'y, Dep't. of Corr.*, 438 Fed. Appx. 751, 753 (11th Cir. July 27, 2011) (unpublished) (noting that "nothing in *Holland* suggests that a petitioner may establish reasonable diligence merely by retaining an attorney. Instead, the Supreme Court in *Holland* focused on the petitioner's own actions in the face of his attorney's inaction."); *McBee v. Warden*, 671 Fed.App'x. 763, 764 (11th Cir. 2016) (concluding prisoner not entitled to equitable tolling where he "never alleged. . .that he contacted or attempted to contact either the state courts or his attorney to ask about the status of his postconviction proceedings."). *Cf. Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008) (concluding that prisoner's allegations, if true, showed that he exercised reasonable diligence by writing multiple letters to counsel "to express concern over the running of the AEDPA filing period and to urge the filing of his federal habeas petition").

Finally, Mr. Ochoa has not claimed that he retained Attorney Reese to file his federal habeas petition on his behalf or made any efforts to file his federal habeas petition within the established limitations period. *See, e.g., Melson v. Comm'r, Ala. Dep't of Corr.*, 713 F.3d 1086, 1089-90 (11th Cir. 2013) (declining to address whether attorneys' conduct constituted an extraordinary circumstance because prisoner failed to exercise reasonable diligence where he "took no independent steps to ensure that his federal habeas petition was timely filed"). Therefore, Mr. Ochoa has not met his burden of showing that his failure to timely file his federal habeas petition was unavoidable even with due diligence. Accordingly, Mr. Ochoa's federal habeas petition is time-barred.

Respondent's construed motion to dismiss (Doc. 7) is therefore **GRANTED**. Mr. Ochoa's petition for a writ of habeas corpus (Doc. 1) is **DISMISSED** as time-barred. The Clerk shall enter judgment against Mr. Ochoa and close this case.

### Certificate of Appealability and Leave to Proceed In Forma Pauperis on Appeal Denied

A petitioner does not have absolute entitlement to appeal the denial of his habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. A certificate of appealability will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

6

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n. 2 (11th Cir. 2000) (dismissal of habeas petition as time barred is procedural). Mr. Ochoa cannot make that showing. And since he is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on October 30, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

SA: sfc
Copies to:
Alexander Ochoa, *pro se*
Counsel of Record